SWINNEY ET AL VS KELLEY ET AL.

Opinion delivered September 23, 1903.

1. *Indian Lands—Unlawful Detainer—Not Equitable Action—Right to Jury.*

   In an action of unlawful detainer by an Indian landlord against his tenant, it was error for the court to order the case transferred to the equity docket and referred to a master in chancery, over plaintiff's objection. And it was error for the court to determine the value of the use of the land and the improvements thereon, on the report of the master, as the plaintiff was entitled to have same determined by a jury, under Secs. 3362, 3363 Mansf. Dig. (2296, 2297 Ind. Stat).

2. *Indian Lands—Leases—Terminated by Curtis Bill.*

   Act of Cong. June 28, 1898, the Curtis Bill, c. 517 (Ind. T. Stat. c 3 a) intended that all contracts of lease of Indian lands in the Indian Territory should expire absolutely on Jan. 1, 1900, except where parties, having erected valuable improvements had not held sufficiently long to be compensated to the extent of the value of such improvements.

3. *Indian Lands—Unlawful Detainer—Value of Improvements and Use of Lands—Not Fixed by Rental Contract.*

   In an action of unlawful detainer the defendant is entitled to be awarded the use of the land for such time as will compensate him for the value of the improvements; and the reasonable value of same, and of the use of the land must be determined by the court or jury, and the rental value of the land will not be measured by the stipulated rental in the contract except for the period prior to Jan. 1, 1900.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Action by L. A. Swinney and others against T. B. Kelley and others. From a judgment in favor of plaintiffs granting insufficient relief, they appeal. Reversed.

This is an action of forcible entry and detainer, brought by the appellants against the appellees to recover possession of certain premises described in the complaint. The suit was filed by appellants in the lower court on February 12, 1900, affidavit for writ of possession filed the same day, and thereupon writ of possession and summons duly issued, returned on the 16th day of February, 1900, the return showing that plaintiffs (the appellants) had made bond in the sum of $2,700, and that the defendants (the appellees) gave a counter bond in the same sum, and retained possession of the premises. Thereafter, on March 28, 1900, defendants filed a motion to require plaintiffs to make their pleadings more definite and certain; and on the same day filed their demurrer to the complaint of plaintiff, which demurrer was, on the 13th day of March, 1900, sustained, and plaintiffs thereafter, on April, 1900, filed their amended complaint, which is as follows (caption omitted): 'Now come L. A. Swinney, and Myrtle, Olive, and Roy Leeper, minors, by their next friend, L. A. Swinney, and, after leave of the court first having been obtained, filed this, their amended complaint, and state that they are all members of the Choctaw tribe of Indians, and residents of the Southern District of the Indian Territory, complaining of T. B. Kelley and ——De Long, said De Long being a resident of said district and territory, and the said Kelley being a nonresident of the Indian Territory, for cause of action allege: First. That

Minerva W. Swinney, nee Leeper, was a member of the Choctaw tribe of Indians, and departed this life on the————day of ————, 1899, without leaving or making a will, leaving the above-named plaintiffs as her sole surviving heirs; that there are no debts due or owing by said estate to any one, and that there has been no administration had upon said estate. Second. That the said Minerva W. Swinney, nee Leeper, at the time of her death, and for many years prior thereto, was the owner of that particular tract of land situated in the Chickasaw Nation, Indian Territory, and being sections two and three and the north part of sections ten and eleven in township eight north, range four west, and being the same premises now in the possession of the said defendants; that said premises were at the time of filing this suit, and are now, the property and belong to the above-named plaintiffs by virtue of the laws of the Chickasaw Nation, a copy of which laws are hereto attached, marked 'Exhibit A,' and made a part of this complaint. Third. That the said defendant T. B. Kelley has for the last seven years occupied the said described place as the tenant of the said Minerva W. Swinney, nee Leeper, which contract did expire, by act of Congress of June 28, 1898, on the 1st day of January, 1900. Fourth. That said defendant T. B. Kelley and the defendant ———— De Long, who is acting for and through and under the instructions of and under agreement with the said T. B. Kelley, said defendants acting jointly and together for a common purpose, do now wrongfully and unlawfully withhold, and have ever since the 1st day of January, 1900, unlawfully and wrongfully withheld, the possession of the above-described place and improvements from plaintiffs, after lawful demand made therefor in writing by plaintiffs upon defendants. Fifth. That plaintiffs are lawfully entitled to the immediate possession of the above-described premises; that defendants have no right to the possession of the same, but unlawfully hold over and refuse to deliver up the possession of the same to plaintiffs, after lawful demand made as

aforesaid; and that plaintiffs have thereby been damaged in the sum of one hundred dollars ($100.00). Wherefore plaintiffs sue and ask for judgment of said place, damage, "cost of suit," etc. (Verification omitted).

## Exhibit A to Complaint.

"Section 1. Be it enacted by the Legislature of the Chickasaw Nation: That from and after the passage of the act, the property of all persons who die intestate or without will, shall descend to the legal wife or husband, and their children.

"Sec. 2. Be it further enacted: That in case such deceased person has neither wife nor husband, nor children, his or her grandchildren (if any) shall inherit the estate.

"Sec. 3. Be it further enacted: That in case there be no grandchildren, then the brother or sister shall inherit the estate, and the next in kind shall be the father and mother or either of them.

"Sec. 4. Be it further enacted: That in case such person has neither wife nor husband, children or grandchildren, brother or sister, father or mother, then the property shall descend to the half brothers of the deceased, and their legal issue."

Thereafter on April 19, 1900, defendants filed a demurrer to the amended complaint of plaintiffs, and on said day filed a motion to require plaintiffs to attach a copy of the written contract pleaded in the amended complaint. The court, on April 19, 1900, overruled the demurrer, and ordered that the cause be transferred to the equity docket, and referred to the master in chancery to report forthwith on value of the improvements and rents; and that the same be transferred to the court at Ardmore, to consider the report of the master. To the rulings and orders of the court the defendant then and there excepted.

Thereupon, on April 21, 1900, the defendants filed their answer to the amended complaint, and in their said answer claimed:

That they made a contract with one Minerva W. A. Swinney, nee Leeper, and entered into possession of the premises sued for under the terms of said written contract, and that thereunder they had made permanent and valuable improvements upon the premises which exceeded the rental value of the lands, and that they were entitled to the premises sued for for the year 1900 under said rental contract, The rental contract under which they claimed is as follows:

"Indian Territory, County of Pontoc, Chickasaw Nation, I. T.

"This indenture, made this 17th day of Sept., 1892, between M. W. Leeper of Pontoc County, Chickasaw Nation of the first part, and T. B. Kelley of the same place, of the second part.

"Witnesseth: That the said M. W. Leeper, for and in consideration of the covenants hereinafter mentioned and received on the part of the said T. B. Kelley, his executors, administrators and assigns, to be paid, kept and performed, hath let, and by these presents doth grant and demise unto the said T. B. Kelley, his executors, administrators and assigns all that parcel of land situated in the County of Pontoc and Nation aforesaid, bounded and described as follows, to-wit:

"All the vacant land lying between Thornt. Downing's farm and M. W. Leeper pasture and east of the drift line fence, the said T. B. Kelley is to fence the above-described land with a three-wire fence, where said boundary line has no fence, and wherever said boundary line has a fence the said T. B. Kelley has the use of said fence by joining; also the said T. B. Kelley is to put on the said land such other improvements such as house,

stables and lots, as he may require for his own use, for and in consideration of the sum of Two Thousand Dollars to be paid by the said M. W. Leeper in yearly installments of $225.00 each until the 2000.00 is paid in full.    For the first day of January, 1893, the said T. B. Kelley has the privilege of renting yearly the above described land at the said yearly installments until the $2000.00 is paid.

M. W. LEEPER.<br>"T. B. KELLEY."

That the plaintiffs gave said defendants a written notice to quit said premises on February 6, 1900.    That the master in chancery made a report, finding that the value of the improvements on the premises, under the testimony, was $2,014; that the defendant Kelley had occupied the premises for seven years next preceding the institution of the suit; that the rents of the place during the time occupied by defendant Kelley amounted to $4,678; and that under the terms of the contract the defendant was entitled to the possession of the premises for the year 1900.    Exceptions were duly filed to the report of the master by the defendants, who moved the court to set the same aside for sundry reasons.

Thereupon the court found the following judgment (caption omitted):

"At this time comes on to be heard the above-entitled action on the report of the master in chancery, and motion to confirm the report of the master, and on exceptions to the said report, and the court, being fully advised in the premises, finds that said report should be confirmed in part, relating to the value of the improvements erected by the defendant Kelley on said place, and that said report should not be confirmed as to the rental value of the said lands, as placed thereon by the master, but that the value of the rents should be that as provided in the contract between the parties up to the 1st day of   January,

(3)

1900, the court finds that the value of the improvements exceeds that of the value of the rents in the sum of $250. That the value of the use and occupation of said premises for the year 1900 to reimburse him for the value of the improvements over and above the rental value up to the first day of January, A. D. 1900. The court further finds that the defendant should pay the costs of the suit. It being admitted that the plaintiffs have possession of the land, and had since the first day of January, 1901, and that the defendants voluntarily delivered possession thereof to plaintiffs, and that defendants make no further claim therein, the court finds that the plaintiffs are entitled to the possession of said lands. It is therefore ordered, decreed and adjudged by the court that the plaintiffs, L. A. Swinney and Myrtle, Olive, and Roy Leeper, and Lola Swinney, minors, do have and retain possession of the lands sued for, to wit, that particular tract of land situated in the Chickasaw Nation, Indian Territory, and being sections two and three and the north part of sections ten and eleven, in township eight north, range four west, and being the same premises in the possession of the defendants at the commencement of this suit; that plaintiffs be allowed no damages by reason of the detention of said lands by the defendants; and that the plaintiffs, L. A. Swinney et al., do have and recover of and from the defendant T. B. Kelley the costs in this action incurred, for which execution may issue."

Plaintiffs thereupon filed their motion for new trial, which motion is as follows (caption omitted):

"Now come the plaintiffs in the above-entitled cause, and ask the court to grant them a new trial therein for the following reasons to wit:

"(1) Because the court erred in its decision in holding and finding that the value for the rents from the year '93 to the

year 1900, should be that as provided for in the contract between the parties; this holding being erroneous, and contrary to law.

"(2) The court erred in finding that the value of the improvements exceeded the value of the rents in the sum of $250, because said finding is erroneous, unsupported by the testimony, and is contrary to the law, in that the court uses as its sole guide the stipulation in the contract, and not the evidence introduced before the master.

"(3) The court erred in holding that the value of the use and occupation of said premises for the year 1900 was $250, because there was no testimony of any character whatever introduced before the court, and there was no evidence introduced before the master, of any kind or character, as to the rental value of said lands for the year 1900.

"(4) The court erred in finding that the plaintiffs were entitled to the use and occupation of the land for the year 1900, because said finding was unsupported by the evidence, and contrary to law, and that, in any event, judgment could only have been rendered in defendants' favor awarding them possession of only one hundred and sixty acres of land, as for such time the court might think proper to reimburse them for the value of the improvements placed upon the land and above the rental value they had received.

"(5) The court erred in not allowing the plaintiffs damages as found by the master, because the evidence introduced before the master showed that the reasonable rental value of the lands during the time defendants occupied them amounted to $4,678.80, and the evidence further showed that the reasonable value of the improvements placed upon the land by defendants amounted to $2,014, and such finding by the court is erroneous, and contrary to law.

"(6) The court erred in refusing to impanel a jury at

plaintiffs' request, and refusing to grant a writ of inquiry and assess the damages for the year 1900, because such ruling was contrary to law applicable to this case.

"(7) The court erred in determining the value of the rents for the year 1900, because there was no evidence of any nature or character whatever introduced before. this court as to the use and occupation of these premises, or the reasonable rental value of the same for the year 1900.

"(8) The court erred in its refusal to grant plaintiffs judgment for the sum of $2,664.80, as found by the master, and in its refusal to impanel the jury and assess plaintiffs' damages for the year 1900.

"(9) The court erred in not entering judgment in the alternative affording plaintiffs the privilege of paying the value of improvements in excess of rent as found by the court, and then granting plaintiffs judgment for lands with writ of inquiry to assess damages for the year 1900.

"The plaintiffs ask that for the errors of law and for the erroneous ruling of the court made and entered in the above cause they be granted a new trial herein."

Said motion came on for hearing and was overruled by the court, exception duly taken, and appeal to this court prayed and allowed.

*Johnson & Carter*, for appellants.

*J. W. Hocker*, for appellees.

GILL, C. J.  Specifications of error with slight difference in verbiage follow seriatim the grounds for motion for new trial filed in said case. The only one of the specifications of error presented to the court by appellants and urged to the court's attention are found in the fifth specification of error: "That

the court erred in not allowing plaintiffs damages as found by the master," and in the sixth specification: "The court erred in refusing to impanel the jury at the plaintiffs' request, and in refusing to grant a writ of inquiry to assess plaintiffs' damages for the year 1900;" and the seventh: "That the court erred in determining the value of the rents for the year 1900;" and in the ninth specification of error: "That the court erred in not entering the judgment in the alternative affording plaintiffs the privilege of paying the value of the improvements in excess of the rents as found by the court, and then granting plaintiffs judgment for the rents and for the writ of inquiry to assess damages for the year 1900." But the judgment of the court shows that the master's report was approved in part and overruled in part. The question before the court, under the pleadings and facts in this case, was the method in which to determine the value of the improvements on the place, and whether or not plaintiffs had held possession of the place under their written contract a sufficient length of time to recompense them for their improvement. An examination of Mansf. Dig. §§ 3362, 3363 (Ind. Ter. St. 1899, §§ 2296, 2297), shows that either party to the action have the right to demand a jury for the purpose of the ascertainment of the main issue in the cause, and also of the damage. And section 3 of the Curtis bill or act of June 28, 1898, c. 517, 30 Stat. 496 (Ind. Ter. St. 1899, c. 3a), provides that where a party is claiming Indian lands under such contract as was pleaded and admitted in this case, trial of the questions involved herein may be had to the court or jury. At the time the court overruled the demurrer to the amended complaint of plaintiffs and ordered the case transferred to the equity docket and referred to the master in chancery, and that it be transferred to the court at Ardmore, the defendant excepted; and when the master made his report the plaintiff demanded that the question of his damage should be tried to a jury, and the court refused such request. This case, on the record, is very different from a

case where both parties, without objection or exception, submit a cause to a master in chancery, and such action is allowed by the court. It might be held properly, under such latter conditions, that the parties have waived their rights to a jury trial by reason of such voluntary submission; but in the case at bar plaintiff demanded what was his right—that the damages as to the year 1900 should be ascertained by a jury—and failure to comply with such demand, we are of opinion, is error. Exceptions to such refusal being duly taken, the court proceeded upon the evidence as taken by the master, and overruled the demand of the plaintiffs for a jury to try said case, and entered up judgment thereon. This, in our opinion, the court was without authority to do. The action of forcible entry and detainer is a statutory and legal action; and while the judgment of the court ,in view of the evidence, is probably as fair a solution of questions involved in the case at bar as can ever be reached, there is no legal process whereby the action of forcible entry and detainer can be transferred from the law to the equity side, referred to a master, testimony taken, and the court sit in judgment upon such testimony and award damages. The action of forcible entry and detainer, one or both, is to be tried as a legal action in the manner pointed out by the statute. Section 3 of the Curtis act (Act June 28, 1898, c. 517, 30 Stat. 495; Ind. Ter. St. 1899, c. 3a) provides as follows: "Provided always, that any person, being a non-citizen in possession of lands, holding the possession thereof under an agreement lease or improvement, contract with either of said nations or tribes or any citizen thereof, executed prior to January first, eighteen hundred and ninety-eight, may, as to lands not exceeding in amount one hundred and sixty acres, in defense of any action for the possession of said lands show that he is and has been in peaceable possession of such lands, and that he has, while in such possession, made lasting and valuable improvements thereon, and that he has not enjoyed the possession thereof a sufficient length

of time to compensate him for such improvements. Thereupon the court or jury trying said cause shall determine the fair and reasonable rental value of such lands for the time the same shall have been occupied by such person, and if the improvements exceed in value the amount of rents with which such person should be charged the court, in its judgment, shall specify such time as will, in the opinion of the court, compensate such person for the balance due, and award him possession for such time unless the amount be paid by claimant within such reasonable time as the court shall specify. If the finding be that the amount of rents exceed the value of the improvements, judgment shall be rendered against the defendant for such sum, for which execution may issue." Section 3 of the Curtis act is an addenda to the statute of forcible entry and detainer, and provides for a condition of affairs peculiar to rental relations in the Indian Territory. But in no sense does said action change the legal aspects of the action to recover possession of property between landlord and tenant. In our opinion, this decision should be reversed, the cause remanded. with directions to the trial court to set aside the reference and proceed with this case as a law case, to be tried to the court or jury in manner as the law provides.

The court below, in its judgment, ascertained the value of the rents for 1900 to be $250, this being in accordance with the contract of rental. We are of opinion that Act June 28, 1898, c. 517, 30 Stat. 495 (Ind. Ter. St. 1899, c. 3a), intended that all contracts of lease should expire absolutely on January 1, 1900, except as in this case, where the parties claimed under an improvement contract or lease; in which case, if he has not enjoyed possession of the premises for sufficient length of time to compensate him for such improvements, to be ascertained by a court or jury, he is allowed to continue in possession thereof at the fair and reasonable rental value of such lands until he shall be fully compensated. Under section 3 the rental value of

the lands are not the contract rents stipulated, but a fair and reasonable rental value, to be ascertained; and we think it was error on the part of the court to say that the rental values of the lands for 1900 should be the stipulated sum mentioned in the contract. We think that the court was correct in its conclusion that the stipulated sum mentioned in the rental contract should prevail up to 1900, but thereafter the values became, not the stipulated contract sum, but whatever was fair and reasonable for the use and occupation of the premises in controversy until compensation should be had.

The judgment of the lower court is reversed, and cause is remanded.

CLAYTON and RAYMOND, JJ., concur.